María Teresa Delgado Acosta and her husband Juan Rodríguez, and Haydée Delgado Acosta and her husband Luis M. Vela, Plaintiffs and Appellants, v. Banco Popular de Puerto Rico, as trustee of Banco Territorial y Agrícola de Puerto Rico; Gloria P. de González, and her husband Eduardo G. González, and Rosa Emilia Beneján, Defendants and Appellees.

No. 7828. Argued May 25, 1939.—Decided January 25, 1940.

*Gustavo Benítez Gautier* and *Jorge Benítez Gautier,* for appellants.
*Monserrat, de la Haba & Monserrat* and *Rafael Baragaño, Jr.*
*(José* and *Rafael Ramírez Santibáñez,* on the brief and at the
hearing), for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiffs María Teresa and Haydée Delgado Acosta alleged as a first cause of action that they are the owners respectively of the houses numbers 39 and 41 of Américo Salas Street in Santurce which they mortgaged to the Banco Territorial y Agrícola de Puerto Rico, as security for a loan of $11,000; that the Banco Popular, as trustee of the Banco Territorial y Agrícola, filed a complaint for the execution of said mortgage credit in the District Court of San Juan on May 6, 1937; that as a result of said proceedings, the properties of the plaintiffs were sold at public auction and adjudicated,—No. 39, to the defendant, Gloria P. de González and No. 41, to the defendant, Rosa Emilia Beneján—for $4,300 each.

As grounds for the nullity of the summary proceedings followed by the bank, it is alleged:

1. That in the complaint, the fixed sums claimed and paid to the creditor bank as principal or as interest, were not expressly alleged.

2. That in said complaint it was alleged that property "B" (No. 41) was liable for $5,550, while in the mortgage deed, liability of said property was fixed at $5,500.

3. That the promissory note which the bank attached to its complaint is not the promissory note to which the deed refers, the terms of one and the other document being different; and that the promissory note presented by the bank could not be used in a summary foreclosure proceeding.

4. That in the second paragraph of the complaint it is said that the debtors executed a promissory note for $10,000 in favor of the bank with interest at 9% per annum and 12% per annum as penalty interest; and if said allegation were true, the mortgage deed would be null and void; and that the promissory note subscribed to by the plaintiffs, was ceded by the bank to Manuel González y Martínez.

As the second cause of action, the plaintiffs claim a homestead right on the mortgaged property and allege that the sale is null and void because it produced more than $500 for each property and the marshal delivered all the purchase price to the mortgage creditor without having paid the plaintiffs the value of their homestead.

The plaintiffs asked for permission to file a complementary complaint wherein they alleged that they had been illegally ejected from the two foreclosed properties and they asked that the defendants be ordered to pay the amounts spent by the plaintiffs for the houses that they have been forced to lease.

The defendants demurred to the complaint alleging that the allegations were insufficient to constitute a cause of action and they also requested the striking out of certain allegations of the complaint. The court granted the demurrer of lack of cause of action and ordered the elimination of the allegations made in paragraphs 13 and 15 of the complaint. At the request of the plaintiffs, judgment was rendered and they appealed, alleging, as error, the striking out of paragraphs 13 and 15 of the complaint; the granting of the demurrer for lack of facts; and lastly, the refusal to permit the filing of a complementary complaint.

After alleging that the promissory note filed with the complaint is not the same as that to which the mortgage deed

refers and is drawn up in different terms other than those specified in the deed, the plaintiff alleged:

"13. That even supposing that said promissory note had been signed by the mortgage debtors as a consequence of the mortgage deed the same could not be used in a summary foreclosure proceeding such as that instituted by the Banco Popular de Puerto Rico as trustee for the Banco Territorial y Agrícola de Puerto Rico."

After alleging that in the complaint it is said that the then defendants signed the promissory note for $10,000 with interest at 9 per cent per annum and 12 per cent penalty interest, the plaintiffs further alleged:

"15. That if said allegation is accepted as true, the mortgage deed No. 95 of November 23, 1928, before Notary Juan de Guzmán Benítez, would necessarily be null and void and without any legal effect whatsoever."

The paragraphs that we have just quoted are purely argumentative. They do not state the facts on which the plaintiff depend to reach the conclusion of law that the promissory note and the mortgage deed are null and void. The court did not err in ordering them stricken out.

██ Let us now consider the sufficiency of the facts alleged in order to determine if they establish causes for nullities.

We agree with the lower court that the allegation that "the specific sums collected and paid to the creditor bank charged against the principal or as interest, were not expressly alleged in the complaint" is not sufficient to establish a cause for the nullity of the proceedings. The purpose of Section 169 of the Regulations for the Execution of the Mortgage Law in requiring that the specific sums collected as capital or interest be stated is to inform the debtor of the exact amounts of the obligations due and unpaid, not only in regard to the principal but also as to the interest. This was so held by the Supreme Court in *Salas* v. *Baquero,* 47 P.R.R. 103. This purpose of said Section 169 of the Regulations is complied with when the exact amount owed as capital and

interest is stated in the complaint. The complaint in this case does not allege that the initial pleading did not contain said information.

■■ The allegations contained in paragraphs 11, 12, 13 and 14 of the complaint referring to supposed differences in the terms of the promissory note attached to the complaint and that signed by the mortgage debtors are insufficient to establish a cause of nullity. The complaint has no allegation whatsoever in regard to the terms and conditions of one and the other promissory note which may permit the judge to determine the differences which may exist between them and the importance or legal effect of said differences if any there were. The allegation made in paragraph 13 to the effect that the promissory note attached to the complaint, even though it was signed by the mortgage debtors, could not be used in the summary proceeding, is a conclusion of law which is not sustained by the facts from which said conclusion may be made.

"Conclusions of law are not issuable, are not admitted by demurrer, and do not aid a pleading unless supported by an averment of facts from which the conclusions are drawn. 1 Bancroft's Code Pleading 92."

We have read the complaint carefully and we do not find in it any allegations of fact from which we may infer that the promissory notes attached to the complaint—whether it was the same signed by the debtors or a different one—could not be collected in a summary proceeding for the foreclosure of the mortgage securing them.

■ The allegations of paragraph 16 of the complaint are not in themselves sufficient to state a cause of action. It is alleged simply that the Banco Territorial y Agrícola ceded to the Treasurer of Puerto Rico the promissory note signed by the plaintiffs and that the Treasurer ceded it to Manuel González and although it is stated that two deeds are attached to the complaint, one of August 12, 1932, and another of November 29, 1935, and a summons and a letter, which

are made a part of the complaint, from the record it does not appear that said documents were in fact filed with the complaint. It is not alleged that on the date of the filing of the complaint, May 6, 1937, the Banco Territorial y Agrícola was not the owner of the promissory note which it was trying to collect. Accepting that in August, 1932, or in November, 1935, Manuel González was the owner of the promissory note, this fact does not exclude the possibility that in May, 1937, the foreclosing bank might have re-acquired said promissory note.

The lower court did not err in granting the demurrer for lack of cause of action.

██ The lower court did not err either in refusing permission to file the complementary complaint. The plaintiff who wins a suit for the nullity of a summary foreclosure proceeding can only recover the property sold plus the amount of the rents received or which might have been received by the foreclosing creditor. If the plaintiffs are permitted to recover said rents and also what he was forced to pay for the rental of another dwelling, he would be awarded a double compensation.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.